UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
STEPNEY, LLC,                 :
                              :
            Plaintiff,        :
                              :
v.                            :   Civil No. 3:19cv720(AWT)
                              :
NAUTILUS INSURANCE COMPANY,   :
                              :
            Defendant.        :
------------------------------x
```

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

The plaintiff, Stepney, LLC ("Stepney"), brings a two-count amended complaint alleging failure of the defendant to provide insurance coverage to the plaintiff for property damage to premises owned by the plaintiff. The defendant, Nautilus Insurance Company ("Nautilus Insurance"), has moved for judgment on the pleadings. For the reasons set forth below, the defendant's motion for judgment on the pleadings is being granted.

## I.    FACTUAL ALLEGATIONS

For the purposes of this motion, the court takes the following factual allegations set forth in the amended complaint as true.

1

Stepney is a Connecticut limited liability company authorized to do business both in the State of Connecticut and in the State of Florida. Nautilus Insurance is a foreign casualty insurance company authorized to do business in the State of Connecticut and in other states of the United States of America.

Prior to and on June 14, 2017, the plaintiff was the owner of a commercial restaurant building located at 19630 South Tamiami Trail, Fort Myers, Florida. On June 14, 2017, the plaintiff entered into a rental agreement with James Boyle d/b/a "The Tubby Pig Restaurant" to lease a fully-equipped restaurant located at 19630 South Tamiami Trail for the period beginning July 1, 2017 and ending June 30, 2022. At the commencement of the lease, the tenant provided the plaintiff with a Certificate of Liability Insurance issued by Nautilus Insurance.

On September 10, 2017, Hurricane Irma damaged the plaintiff's building, causing both exterior and interior damage and resulting in financial loss to the plaintiff. Following the hurricane damage to the building, the plaintiff hired a roofing company to repair the hurricane-damaged roof.

Before starting the roof repairs, the roofing contractor installed a blue protective tarp on the roof to prevent additional rainwater from getting into the building. During

subsequent days, the tarp loosened, which allowed more rainwater to get into the building.

At all relevant times both before and after the hurricane, the tenant was in possession and control of the building, and the tenant failed to take any steps to re-secure the tarp to prevent additional damage to the interior of the building. The tenant did not notify the roofing contractor that the tarp had come loose.

The defendant conducted an inspection of the damaged premises and made an insurance payment to the tenant. The defendant has refused to make an insurance payment to the plaintiff.

## II. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, [the court employs] the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6)." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011)(internal citations and quotation marks omitted.) When deciding a motion to dismiss under Rule 12(b)(6), "the allegations of the

complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted).

However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn.

4

1999) (quoting Ryder Energy Distrib. v. Merrill Lynch

Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  "The

issue on a motion to dismiss is not whether the plaintiff will

prevail, but whether the plaintiff is entitled to offer evidence

to support his claims."  United States v. Yale New Haven Hosp.,

727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S.

at 236).

On a Rule 12(c) motion, the court considers "the complaint,

the answer, any written documents attached to them, and any

matter of which the court can take judicial notice for the

factual background of the case."  Roberts v. Babkiewicz, 582

F.3d 418, 419 (2d Cir. 2009).  The court's consideration may

include "any written instrument attached to [the complaint] as

an exhibit, . . . materials incorporated in it by reference, . .

. and documents, that although not incorporated by reference,

are 'integral' to the complaint." Sirva v. Morton, 380 F.3d 57,

67 (2d Cir. 2004); Chambers v. Time Warner, Inc., 282 F.3d 147,

153 (2d Cir. 2002).

## III. DISCUSSION

Stepney brings two claims in its amended complaint, and

Nautilus Insurance asserts two counterclaims.

In Count I of the Amended Complaint, Stepney brings a claim against Nautilus Insurance for damages to rented premises. (Am. Compl., ECF No. 34, Count I ¶ 9.)

In Count II, Stepney brings a claim against Nautilus Insurance based on the "failure of the insured tenant to mitigate further water damage to the property interior and its contents." (Am. Compl., Count II ¶ 10.) It alleges that that failure "constituted negligence of omission on the part of the insured for which [Stepney] should be compensated." Id.

In Count I of the Counterclaim, Nautilus Insurance seeks a declaration that "Stepney is only entitled to rights as an additional insured under The Tubby Pig Restaurant's policy for liability claims that may be brought against it due to the acts or omissions of the lessee Tubby Pig Restaurant" and that "[t]o date no liability claim has been made against [Stepney]." (Def.'s Answer, Counterclaim and Affirmative Defenses, ECF No. 37, ¶¶ 14, 17.)

In Count II of the Counterclaim, Nautilus Insurance seeks a declaration that Stepney has no claim because of the exclusion for damage to the insured's own property. (Def.'s Answer, Counterclaim and Affirmative Defenses, ¶ 21.)

"[C]onstruction of a contract of insurance presents a question of law . . . . It is the function of the court to construe the provisions of the contract of insurance." Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co., 274 Conn. 457, 462 (2005) (citations omitted.)

"Liability insurance is insurance that exclusively or primarily covers risks related to the liability of an insured to third parties, including the liability-insurance-coverage part of an insurance policy that includes other forms of coverage." Restatement of Liability Insurance § 1 (2019); see also 43 Am. Jur. 2d Insurance § 660 (2020) ("Liability coverage requires the insurer to shield the insured from making payment on a claim for which the insured is liable. Effectively, liability insurance protects the insured from having to pay monetary damages that result from the insured's own tortious conduct. Such liability arises where the insured causes: (1) damages on account of bodily injury to a person, other than the insured; or (2) damage to or destruction of property owned by parties (other than the insured's property) arising out of accidents or occurrences in business, professional, or personal life.")

The policy at issue in this case is Policy Number NN836819 (the "Policy"). The Policy Summary shows that the Policy has two packages: "Commercial Property" and "General Liability." (Pl.'s

Objection to Def.'s Mot. for J. on the Pleadings, ECF No. 53, ("Pl.'s Mem."), Ex. D at 4, 6.) The certificate confirming Stepney's rights as an additional insured is entitled "Certificate of Liability Insurance." It states that the type of insurance is "Commercial General Liability" and further states that "Stepney LLC[ ]is listed as an additional insured in regards to the general liability policy . . . ." (Am. Compl., Ex. A.) Likewise, the "Additional Insured – Managers or Lessors of Premises" endorsement that confers contractual rights on Stepney refers in the upper right-hand corner to "Commercial General Liability" and refers in the body of the endorsement to the "Commercial General Liability Coverage Part." (Def.'s Opp. to Pl.'s Mot. for a More Definite Statement, ECF No. 21, Ex. A.) General liability coverage does not insure policyholders for their own losses, but rather for their liability to third parties for injury or damage caused by the policyholder.

In addition, the Commercial General Liability Coverage Part of the Policy specifically excludes coverage for claims based on damage to the insured's own property. Exclusion J excludes coverage for "[p]roperty damage to . . . property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a

person or damage to another's property . . . ." (Def.'s Reply

Mem. in Response to Pl.'s Opp. to Def.'s Mot. for J. on the

Pleadings, ECF No. 56, ("Def.'s Reply"), Ex. A at 5)(quotation

marks omitted.)

Stepney has admitted that no liability claim has been made

against it. See Answer to Counterclaim, ECF No. 49, ¶ 17.

Stepney's claims are for its own losses resulting from hurricane

damage to its own property and from the tenant's failure to

mitigate damages to that property. Because the Commercial

General Liability Coverage Part of the Policy is general

liability insurance, any acts or omissions by the tenant would

trigger coverage only if Stepney were to face a liability claim

arising out of those acts or omissions. Moreover, because the

Commercial General Liability Coverage Part of the Policy

excludes coverage for damage to the insured's own property, it

does not cover Stepney's claims for coverage based on damage to

its own property.

In its opposition, Stepney argues: "Among the various

coverages [listed in the Commercial General Liability Coverage

Part Declarations under the title of "LIMITS OF INSURANCE"] is

the language extending coverage to the Plaintiff to wit: 'Damage

to premises rented to you limit $100,000.00 . . . .'" (Pl.'s

Mem. at 3.) However, this language refers to an exception to the

exclusions from coverage: "Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate Limit of Insurance applies to this coverage as described in SECTION III – LIMITS OF INSURANCE." (Def.'s Reply, Ex. A at 7.) This exception to Exclusions c. though n. only applies to claims against insureds for damage to premises rented to or temporarily occupied by an insured as a result of fire. Stepney is not making a claim for property damage caused by fire, and it is the owner and lessor of the damaged property, not a lessee.

Stepney also argues that "the primary insured, 'The Tubby Pig Restaurant, Inc.' made a claim for damages to real and personal property related to a loss sustained on September 10, 2017. Thereafter, Vericlaim made a loss assessment/estimate of Damages . . . . Upon information and belief damages were paid to 'The Tubby Pig Restaurant' as a result . . . . Among these damages, were those of real property including flooring and walls. That fact if proven true, fl[ies] in the face of the Defendant's claims of no coverage." (Pl.'s Mem. at 4.)

As discussed above, there are two packages under the Policy: Commercial Property and General Liability. Stepney is only listed as an additional insured on the Commercial General Liability Coverage Part; it is not an additional insured under the Property Insurance Coverage Part. The Tubby Pig's claim for

its own loss resulting from property damage to the leased premises were made under the Property Insurance Coverage Part of the Policy. Payment by Nautilus Insurance for the property damage claim pursuant to the Property Insurance Coverage Part is not inconsistent with its position that coverage under the Commercial General Liability Coverage Part has not been triggered.

Accordingly, the court concludes that Nautilus Insurance is entitled to judgment on the pleadings on both counts of the amended complaint and on both counterclaims because the Commercial General Liability Coverage Part under which Stepney is covered as an additional insured does not provide coverage to Stepney for damage to property that it owns, and no liability claim has been made against Stepney.

## IV. CONCLUSION

For the reasons set forth above, the defendant's Motion for Judgment on the Pleadings (ECF No. 52) is hereby GRANTED.

The Clerk is directed to enter judgment in favor of the defendant and close this case.

It is so ordered.

Dated this 22nd day of December, 2020 at Hartford, Connecticut.

 

 

 

 

               _____/s/ AWT_____
                   Alvin W. Thompson
          United States District Judge

12